**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

**LAURA WITT,**

    Plaintiff,

v.

**TRAVELERS COMMERCIAL INSURANCE COMPANY, A CONNECTICUT INSURANCE COMPANY,**

    Defendant.

---

**DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

Defendant, Travelers Commercial Insurance Company ("Travelers"), by and through its attorney of record, Kyle B. Joyce of Montgomery Amatuzio Chase Bell Jones, LLP, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds, Defendant states as follows:

1. On June 5, 2018, Plaintiff Laura Witt filed her Complaint (the "Complaint") against Travelers in the District Court for Arapahoe County, State of Colorado. *See* **Ex. A**, Complaint. The Complaint asserts, *inter alia*, that Travelers breached its insurance contract with Laura Witt, breached its duty of good faith and fair dealing and unreasonably delayed and denied payment of Underinsured Motorist ("UIM") benefits. *Id*. at ¶¶ 32, 33, 37, 39, 41, and 46.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[A] defendant seeking to

1

remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("Dart") (quoting 28 U.S.C. § 1446(a)).

3. The diversity requirement of § 1332(a) is satisfied here as the parties are completely diverse. Plaintiff alleges that she is "an individual who is a resident and domiciliary of the County of Arapahoe, State of Colorado." *See* **Ex. A** at ¶ 1. Defendant Travelers' state of incorporation is Connecticut, and its principal place of business is in Connecticut. *See* **Exhibit A** at ¶ ¶ 2 & 3, and **Exhibit B**, Travelers' Colorado Secretary of State Corporate Summary.

4. This matter arises out of a motor vehicle incident that occurred on December 16, 2014. *See* **Ex. A** at ¶ 4. Plaintiff alleges that she settled with the at-fault tortfeasor for the driver's insurance policy limit of $50,000. *Id*. at ¶ 5. Plaintiff alleges that she purchased and paid a premium for $100,000 in UIM coverage under the insurance policy issued by Travelers to her. *See Id*. at ¶ 8. Plaintiff further alleges that on February 18, 2018, she demanded the full UIM policy limit of $100,000. *Id*. at ¶ 9. Through this lawsuit, Plaintiff seeks recovery of the $100,000 UIM policy limit, plus statutory damages, including attorney's fees, court costs and two time the covered benefit. *Id*. at ¶¶ 9 & 47. These assertions, therefore, are sufficient to show that the amount in controversy exceeds $75,000.

5. Aside from the allegations contained in the Complaint, the Tenth Circuit Court of Appeals ruled that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (citing

*Henderson v. Target Stores, Inc.*, 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Travelers, exclusive of interest and costs. **Exhibit C**, p. 2, Civil Cover Sheet. Therefore, the jurisdictional amount in controversy has been met.

6. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Travelers was served on June 6, 2018. *See* **Ex. D**, Affidavit of Service. Thus, this Notice of Removal is timely, as Travelers has filed the same within thirty days after service of the initial pleading, which provided Travelers with sufficient information to ascertain removability.

7. Pursuant to 28 U.S.C. § 1446(d), Travelers will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

8. As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court for Arapahoe County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as **Exhibit E**. Travelers will also separately file each pending motion, petition, and related response, if any.

9. Pursuant to D.C.Colo.LCivR 81.1, Travelers represents that no motion hearings are currently set in the state court action and no trial date has been set.

10. By filing this Notice of Removal, Travelers does not waive any defenses that may be available to it.

Respectfully submitted July 2, 2018,

MONTGOMERY AMATUZIO CHASE BELL JONES, LLP

By: *s/ Kyle B. Joyce*
Max K. Jones, Jr.
Kyle B. Joyce
4100 East Mississippi Avenue, 16th Floor
Denver, CO  80246
Phone:  303-592-6600
Fax:  303-592-6666
mjones@mac-legal.com
kjoyce@mac-legal.com

ATTORNEYS FOR DEFENDANT
TRAVELERS COMMERCIAL
INSURANCE COMPANY

## **CERTIFICATE OF MAILING**

I hereby certify that on July 2, 2018 a true and correct copy of the foregoing **DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S NOTICE OF REMOVAL**, was served in the manner indicated below and addressed as follows:

*Counsel for Plaintiff:*
Chad P. Hemmat, Esq., #20845
Jason G. Alleman, Esq., #42570
Cameron O. Hunter, Esq., #50095
Anderson Hemmat, LLC
5613 DTC Parkway, Suite 150
Greenwood Village, CO 80111
Phone:  303-782-9999
Fax:  303-782-9996
Chad@AndersonHemmat.com
Jason@AndersonHemmat.com
Cameron@AndersonHemmat.com
☐ U.S. Mail   ☒ E-mail   ☐ ECF

*s/ Karen Wood*
[Signature on File:  Karen Wood]